IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AMANDA BRUMFIELD On Behalf of HERSELF and All Others Similarly Situated, ) ) ) ) | |
| Plaintiff, ) | COLLECTIVE ACTION |
| v. ) ) | CASE NO. 2:18-cv-00591-DCN |
| KINDRED HEALTHCARE, INC. and KINDRED HEALTHCARE OPERATING, INC. d/b/a KINDRED AT HOME, ) ) ) ) ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Amanda Brumfield brings this collective action lawsuit on behalf of herself and all those similarly situated workers who worked for Defendants Kindred Healthcare, Inc. and Kindred Healthcare Operating, Inc. d/b/a Kindred at Home ("Defendants" or "Kindred") as home health Licensed Practical Nurses ("LPNs")[1] and Physical Therapist Assistants ("PTAs") paid largely on a fee-per-visit basis. This lawsuit seeks to recover unpaid overtime pay owed to these workers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff challenges Kindred's practice of not paying its home health LPNs and PTAs overtime pay for hours worked over 40 in a workweek. Kindred pays Plaintiff and those similarly situated, among other things, per-visit fees for visits to patients' homes to provide care. However, Kindred does not pay these workers overtime pay for time worked over 40 hours in a

---

[1] LPNs are referred to as Licensed Vocational Nurses ("LVNs") in Texas where Plaintiff worked for Defendants. In her Complaint, Plaintiff uses LPNs to refer to both LPNs and LVNs.

workweek.

3.  Kindred's pay and timekeeping practices fail to record all the time Plaintiff and those similarly situated spend performing work activities. In addition to conducting in-home visits, these workers also: travel between patients; transport samples to labs; deliver medical supplies to patients' homes; complete patient charting and other paperwork from the employee's home after a patient's home visit is complete; make phone calls to patients and other healthcare professionals regarding patient care; and answer phone calls from patients. Kindred does not record all of the time spent on these activities.

4.  By failing to pay overtime premium pay and by not capturing all of this time worked for pay purposes, Kindred has failed to pay Plaintiff and similarly situated workers for all overtime worked at one and one-half times their regular rate pf pay, in violation of the FLSA.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.  Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this Judicial District and Division. Defendants operate a home health facility at 4975 Lacross Road, Suite 354, North Charleston, South Carolina 29406. Defendants employ non-exempt home health workers similarly situated to Plaintiff at this facility, which is located in the Charleston Division of this Judicial District.

## PARTIES

**A.  Plaintiff**

7.  Plaintiff is over the age of 19 and is a former employee of Defendant.

**B.    Defendants**

8.    Defendant Kindred Healthcare, Inc. is a Delaware corporation whose principal place of business is located at 680 South Fourth Street, Louisville, Kentucky 40202.

9.    Defendant Kindred Healthcare, Inc. "is a healthcare services company that through its subsidiaries operates a home health, hospice and community care business, TC hospitals, IRFs, and a contract rehabilitation services business across the United States." *See* Sept. 30, 2017 SEC Form 10-Q at Page 50.

10.    Defendant Kindred Healthcare, Inc.'s "Kindred at Home division primarily provide[s] home health, hospice, and community care services from 609 sites of service in 40 states." *See* Sept. 30, 2017 SEC Form 10-Q at Page 50.

11.    Defendant Kindred Healthcare Operating, Inc. is a Delaware corporation and a wholly owned subsidiary of Defendant Kindred Healthcare, Inc. Defendant Kindred Healthcare Operating, Inc. also has its principal place of business is located at 680 South Fourth Street, Louisville, Kentucky 40202.

12.    At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07. Defendants exercise direct control over the employment policies and practices applied to its home health workers, including, but not limited to, the manner in which home health workers are compensated. For example, Defendant Kindred Healthcare, Inc. integrated pay practices, consolidated and closed underperforming branches, and restructured regional and divisional management "across the Kindred at Home portfolio" in early 2017. *See* Sept. 30, 2017 SEC Form 10-Q at Page 63.

13.    Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce, or who are engaged in handling, receiving,

selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

14. Defendants operate as an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

**FACTS**

15. Plaintiff worked for Kindred as a home health Licensed Practical Nurse ("LPN") from approximately August 2017 to November 2017 out of its Tyler, Texas office. Prior to August 2017, Plaintiff worked as a hospice LPN for Kindred beginning in May 2014 out of its Athens, Texas office.

16. As a home health LPN for Kindred, Plaintiff conducted home visits to patients receiving home care from Kindred.

17. As an LPN for Kindred, Plaintiff was responsible for traveling to patients' homes, providing home health care to homebound patients, completing all necessary visit related documentation and other required paperwork, communicating by phone and email with patients and other health care providers, attending meetings as dictated by Kindred, and performing other duties necessary to perform her job.

18. Plaintiff and other home health LPNs and PTAs worked over 40 hours per week. For example, Plaintiff sometimes worked more than 50 hours per workweek.

19. Kindred did not pay Plaintiff and other home health LPNs and PTAs overtime compensation for hours worked over 40 in a workweek.

20. By failing to pay overtime compensation to Plaintiff and other non-exempt home health workers, Kindred has acted knowingly and with reckless disregard of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS PURSUANT TO 29 U.S.C. § 216(b)

21. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated potential Opt-In Plaintiffs:

> All current and former home health LPNs and PTAs who have been employed at any of Kindred's locations at any time since March 1, 2015 and have been paid, in whole or in part, on a fee per visit basis.

22. Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

23. Plaintiff and the potential Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, Kindred pays them, in whole or in part, on a fee-per-visit basis, but does not pay them overtime premium pay when they work more than 40 hours in a workweek.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. Plaintiff and those she seeks to represent pursuant to 29 U.S.C. § 216(b) are employees of Defendants who are entitled to the FLSA's protections.

26. Defendants are employers covered by the FLSA.

27. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

28. Defendants have violated the FLSA by failing to pay overtime premium compensation to Plaintiff and those similarly situated for time worked over 40 hours in a workweek.

29. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.   An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.   Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all individuals similarly situated to Plaintiff;

C.   A finding and declaration that Defendants have violated the FLSA;

D.   A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

E.   A finding that Defendants' violations of the FLSA were willful;

F.   An award of liquidated damages to the fullest extent permitted under the FLSA;

G.   An award of litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Date: March 1, 2018

Respectfully submitted,

/s/William N. Nettles
**WILLIAM N. NETTLES (SC Bar No. 06586)**
Law Office of Bill Nettles
2008 Lincoln Street
Columbia, SC 29201
Telephone: (803) 814-2826
Facsimile: (888) 745-1381
bill@billnettleslaw.com

**JERRY E. MARTIN (TN Bar No. 20193)\***
**DAVID W. GARRISON (TN Bar No. 24968)\***
**JOSHUA A. FRANK (TN Bar No. 33294)\***
BARRETT JOHNSTON MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

\* *Pro Hac Vice* Motions Anticipated

*Attorneys for Plaintiff*